COMMONWEALTH *vs.* JAMES W. RICHES & another.

Suffolk.     November 9, 1914. — December 28, 1914.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Conspiracy.   Larceny.   False Pretenses.   Evidence,* Relevancy.

At the trial of an indictment against two defendants charging them with a conspiracy to steal money from a certain person, there was evidence that the defendants were well known to each other, that one of them inserted an advertisement in a newspaper advertising a position as ticket taker of a moving picture theatre; that, when the person named in the indictment as having been defrauded, who had been in this country but three years and understood and spoke English but imperfectly, seeing the advertisement, called, the defendants, who were acting with a common purpose to defraud, represented to him in successive interviews that he would be given a position as ticket taker but that he must make a deposit of $500 as security for his honesty, that the deposit was made, that when such representations were made by the defendants, they had no position as ticket taker to give and no connection whatever with any theatre. *Held,* that the jury were warranted in finding the defendants guilty.

At such trial the advertisements were admissible in evidence.

At such trial, it appeared that one defendant told the foreigner who answered the advertisement that he would be given a guaranty of the position by the other defendant; that the second defendant gave the foreigner certain certificates of stock, telling him that they were the guaranty, and, when the foreigner demanded a contract, told him that the certificates were just like his money, and directed him to keep them. There was no evidence that the stock was of any value. *Held,* that under the circumstances the acceptance of the certificates by the foreigner for the money which he had paid did not show necessarily that the acts of the defendants were not criminal in character.

CROSBY, J. This indictment and the specifications filed by the Commonwealth charge the defendants, Riches and Green, with a conspiracy to steal money from one Brasis by false pretenses. The false pretense was that they would give him a position as ticket taker for a moving picture theatre. The case is before us upon the exceptions only of the defendant Riches.*

There was evidence to show that Brasis had been in this country for about three years only, and understood and spoke the English language but imperfectly. He testified that he saw an advertisement in the Boston Globe; that he called at the office of the defendant Riches and showed him the advertisement and applied for the position; that Riches asked him for $500 deposit as security, and he paid Riches at that time $20 to hold the place; that Riches told him he would be paid $25 a week and one third of the profits and showed him a contract which he (Riches) said would guarantee the position for the $500 paid.

There was further evidence to show that Riches sent him (Brasis) to the other defendant Green, who told him he was to stay in the office awhile and then he would have a position as ticket taker. Brasis testified that he paid Green $480 and was given certain certificates of stock which Green told him were to be a guarantee for his money; that he told Green he wanted a contract but did not want the stock, but that Green said, "This is just like your money; keep this."

There was further evidence to show that Green told him (Brasis) that the $500 paid was so paid as security for his (Brasis's) honesty as ticket taker. Brasis testified that he asked Green in what theatre he was to be employed, and Green replied, "Any one in Boston." Brasis further testified that he sat in Green's office for about four weeks with nothing to do and then left, and was paid altogether $20.

Police Sergeant Anderson testified that he had a talk with Green and asked Green about the job for Brasis for $25 a week, and that Green replied, "I don't know anything about that. You will have to see Mr. Riches."

Without reciting the evidence further in detail we are satisfied

---

* The case was tried before *Aiken,* C. J. Both defendants were found guilty.

that the jury would have been warranted in finding that the defendants were engaged in a common purpose to cheat and defraud Brasis by falsely representing to him that upon payment of $500 as security for his honesty and good faith, he would be given a position as ticket taker upon a salary of $25 a week, together with one third of the profits of the business; that when such representations were made they had no position as ticket taker to give him or any connection with any moving picture concern whatever. There was evidence to show that the defendants were well known to each other and were working together for the accomplishment of the same unlawful result. If so, the jury were warranted in finding that a conspiracy had been formed by them to defraud Brasis. *Commonwealth* v. *Riches, ante,* 433. *Commonwealth* v. *Farmer,* 218 Mass. 507. *Commonwealth* v. *Smith,* 163 Mass. 411.

The advertisement which was admitted in evidence subject to the exception of Riches, was competent. There was evidence that Brasis showed a copy of it to Riches, who stated what salary would be paid and that a deposit of $500 as a guarantee would be required, and that he afterwards sent Brasis to Green. It could have been found that this advertisement was inserted in the newspaper by the procurement of Riches and was a part of the general unlawful scheme in which the defendants were engaged. Even if Riches was not a party to an original scheme to defraud, yet when he was present and saw Green insist upon Brasis taking the stock after he (Riches) had promised to give Brasis a contract, and was present when Green told Brasis that the stock was in substance the same as the contract, and afterwards urged Brasis to wait for his money until he (Riches) could sell the stock, and urged delay, this was evidence from which the jury might well have found that Riches then became a party to the fraud with Green. *Commonwealth* v. *Stuart,* 207 Mass. 563, 567. *Spies* v. *People,* 122 Ill. 1.

The acceptance by Brasis of certificates of stock for the $500 paid by him does not necessarily show that the acts of the defendants were not criminal in character. The jury might have found that the defendants had obtained from Brasis $500 on the false representation that they would give him a position and that the delivery to him of the stock was an endeavor to conceal the fraud and exempt themselves from liability. So, too, the jury might have found that by reason of his inexperience and imperfect

knowledge of our language, Brasis was justified in believing the statements of Green to the effect that the stock was substantially the same as the contract which had been promised him. In other words, it might have been found that by reason of the false representations made to him by the defendants, Brasis understood that he paid the $500 as security for the faithful performance of his duties as ticket taker and not as the consideration for the purchase of certificates of stock which there is nothing in the record to show were of any value whatever.

The representations relied on by the government could have been found to be direct and positive affirmations of existing facts and not merely of a promissory nature. *Commonwealth* v. *Riches, ante,* 433. *Gurney* v. *Tenney,* 197 Mass. 457, 465.

We discover no error in the rulings excepted to.

*Exceptions overruled.*

The case was submitted on briefs.

*S. R. Cutler & H. W. James,* for the defendant Riches.

*T. D. Lavelle,* Assistant District Attorney, for the Commonwealth.